UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISHANA MARGUERITE IBLE,

    Plaintiff,

v.

                              CASE NO. 8:25-cv-00378-SDM-SPF

UNITED STATES DEPARTMENT OF
EDUCATION et al,

    Defendants.

_____/

### **ORDER**

After an earlier order (Doc. 32) dismissed without prejudice Ishana Marguerite Ible's original two-and-a-half-page complaint (Doc. 1-1), which requested $342 million in damages from the United States Department of Education (DOE), Equifax Information Services, Experian Information Solutions, Inc., and TransUnion LLC, (collectively, the consumer reporting agencies or CRAs), the plaintiff files an amended complaint (Doc. 33) that is three pages long and requests $352 million in damages. The DOE moves (Doc. 37) to dismiss for lack of subject matter jurisdiction and the CRAs move (Doc. 33) for judgment on the pleadings. Ible responds. (Docs. 43 and 48).

**BACKGROUND**

Ible alleges violations of the Fair Credit Reporting Act, the Administrative Procedure Act, and "theft."[1] (Doc. 33 at 1). In support, Ible alleges (1) that Ible attended the University of North Florida (UNF) on a full-tuition scholarship; (2) that under a June 23, 2014 settlement, UNF paid Ible's tuition debt in full; (3) that on November 16, 2022, her debts were "further extinguished" by the class-action settlement in *Sweet v. Cardona*, No. 3:19-cv-03674, in which Ible was a class member; and (4) that the DOE twice identified Ible's accounts as delinquent to the CRAs. Ible attaches (1) a June 20, 2014 check for $14,193.22 from UNF to the DOE bearing the description "REFUND REQUEST for Ishanna Ible"; (2) the order approving the final settlement in *Sweet*; and (3) the title page of Ible's Equifax credit report (but not the report's content). (Doc. 33-1).

**DISCUSSION**

**Ible's Claim Against the DOE is Moot**

The background and terms of the class-action settlement agreement in *Sweet* (the agreement) are essential to deciphering Ible's complaint.[2] In *Sweet*,

---

[1] Ible fails to specify which defendants are putatively liable for which claims and which facts supposedly support each claim, a failure that renders the complaint an impermissible "shotgun pleading," independently subject to dismissal. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

[2] No conceivable reading of the complaint supports liability against the DOE under any of the named claims for relief: APA, FCRA, or theft. However, discussion is warranted to the extent that Ible claims the DOE failed to comply with the agreement.

the plaintiffs assert that the DOE "(i) unreasonably delayed and unlawfully withheld decisions on pending 'borrower defense' claims, i.e., claims for relief from certain federal student loan obligations based on institutional miscon-duct; (ii) issued unlawful notices denying certain borrower defense claims; and (iii) adopted unlawful policies governing the process of evaluating borrower defense claims[.]" (Doc. 1-6 at 2) *Sweet* defines a "borrower defense applica-tion" (application) as a "request by a Direct Loan or Federal Family Educa-tion Loan Program borrower for relief from his or her repayment obligations with respect to those loans based on the alleged misconduct of the borrower's school." (Doc. 1-6 at 2–3)

The agreement defines full settlement relief as:

> (i) discharge of all a Class Member's Relevant Loan Debt, (ii) a refund of all amounts the Class Member previously paid to the Department toward any Relevant Loan Debt (including, but not limited to, Relevant Loan Debt that was fully paid off at the time that borrower defense relief is granted), and (iii) a deletion of the credit tradeline associated with the Relevant Loan Debt.

(Doc. 1-6 at 4) The *Sweet* defendants agreed to issue a decision to each class member based on the submission date of each class member's borrower de-fense application (application). (Doc. 1-6 at 4)

In her May 11, 2022 application, Ible states that she received a scholar-ship to UNF, which improperly charged tuition and late fees. (Doc. 22-2 at 5). Under the agreement, "[f]or any application submitted between January 1, 2021, and the Execution Date, Defendants will issue a decision no later than 30 months after the Effective Date." (Doc. 22-2 at 9–10). The agreement

- 3 -

defines the "Execution Date" as "the date upon which all Parties to this Agreement and/or their counsel of record have signed the Agreement," which occurred on June 22, 2022. (Doc. 22-2 at 3; Doc. 22-3). The "Effective Date" is January 28, 2023. (Doc. 22-4 at 6 and 8). Therefore, the decision deadline for applications submitted between January 1, 2021, and June 22, 2022, is 30 months after January 28, 2023, or July 28, 2025. (Doc. 22-5). Because Ible submitted her application on May 11, 2022, the DOE's decision was not due until July 28, 2025. (Doc. 1-6 ¶¶ II.E, III.A; Doc. 22-2 at 9).

Consistent with the decision deadline, Ible's application was approved on July 24, 2025. (Doc. 37-1 ¶ 6) The same day, the Federal Student Aid Office sent formal notice of the approval decision to the email provided in Ible's application. (Doc. 22-2 at 1; Doc. 37-1 ¶ 7).

The agreement requires the DOE to discharge each class member's outstanding student loans no later than one year after approval of the application. (Doc. 37-1 ¶ 10). Because Ible's application was approved on July 24, 2025, the discharge of Ible's loans is due on July 24, 2026. Accordingly, Ible's claim against the DOE is moot because the DOE does not owe performance to Ible until July 24, 2026, and because the DOE has otherwise complied with the

- 4 -

agreement.[3] *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).[4]

## Ible Fails to State a Claim Against the CRAs[5]

*The Alleged Inaccuracy Is Not Objectively and Readily Verifiable*

An FCRA claim requires that "the alleged inaccuracy was objectively and readily verifiable." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1363 (11th Cir. 2024). Ible premises her FCRA claim on the proposition that the CRAs should not have reported Ible's accounts with UNF because of the alleged legal effect of the agreement and the purported discharge of her debt. However, "[d]etermining a debt's validity and whether a consumer has a valid defense to a debt are 'question[s] for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA." *Baldeosingh v. TransUnion, LLC*, 2021 WL 1215001, at *3 (M.D. Fla. Mar. 31, 2021) (citing *Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010); 12 C.F.R. § 1022.41(a)(1) ("Accuracy means that

---

[3] Although Ible attempts to trace the DOE's alleged wrongdoing partly to a supposed June 23, 2014, settlement with UNF, Ible's application acknowledges that her outstanding student loans were not cancelled and that no agreement with the university was completed. (Doc. 22-2 at 3 and 5; Doc. 33 ¶ 7).

[4] *Cf. Theisen v. Raymond*, Case No. 1:23-cv-616 (W.D. Mich. Dec. 18, 2023), at Doc. 21 (adopting a report and recommendation concluding that, because the agreement did not obligate the DOE to approve or deny the plaintiff's pending application until a later time, the plaintiff's claims for relief were not ripe for judicial review.).

[5] Presumably, Ible's claim against the CRA defendants is premised on a violation of the FCRA, because no conceivable reading of the complaint could even suggest that the CRAs violated the APA or committed theft.

information that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer correctly: [r]eflects the terms of and liability for the account or other relationship . . . and [i]dentifies the appropriate consumer.").[6] Therefore, because the validity of Ible's debt was not "objectively and readily verifiable," any alleged inaccuracy in reporting is not actionable against the CRAs under the FCRA.

*Ible's FCRA Claim is Time-Barred*

The statutory limitation for a FCRA claim is "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p(1).[7] Here, Ible alleges that she "disputed inaccuracies with all three bureaus on and around June 25, 2019 via online and through the CFPB." (Doc. 33 ¶ 10). Consistent with her earlier admission, Ible claims to have known in "June 2019" that the CRAs "failed to conduct a reasonable investigation of the Plaintiff's disputes." (Doc. 33 ¶ 16). Therefore, under

---

[6] *Padgett v. Clarity Services, Inc.*, 2018 WL 6628274, at * 4 (M.D. Fla. Dec. 13, 2018) ("If the Court permitted this lawsuit to continue, the Court would have to first determine the legality of [the plaintiff's] loan and then make a determination as to whether [the CRA] should have anticipated — through its own independent research of Florida law — that a court of law would have declared the loan invalid. Placing such a high burden on a CRA is unsupported under the law. . . . In sum, [the plainitff's] FCRA claims fail because she does not adequately allege that the disputed debt was inaccurate. Her "inaccuracy" allegations are premised on a legal conclusion that the loan is uncollectable. This artful pleading tactic fails because it would place the burden on CRAs . . . to resolve the legal dispute about the underlying debt's validity before reporting the debt. But whether a debt is enforceable is a matter of law that can be resolved only in court.").

[7] The limitations statute provides also that a claim arising from an alleged violation will repose "5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p(2).

§ 1681p, Ible was required to file a complaint no later than July 2021. Because she did not file a complaint until January 2025, Ible's claim is time-barred.

## CONCLUSION

Because (1) the amended complaint is an impermissible shotgun pleading; (2) Ible's claim against the DOE is moot; (3) Ible fails to state a claim under the FCRA; (4) Ible's FCRA claim is time-barred; and (5) any future opportunity to amend appears futile, each defendant's motion to dismiss is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**. The clerk is **DIRECTED** to close the case.

**ORDERED** in Tampa, Florida, on March 30, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 7 -